UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Spineology, Inc.,

    Plaintiff,

v.                                                                     Case No. 15-cv-180 (JNE/FLN)
                                                                    ORDER

Wright Medical Technology, Inc.,

    Defendant.

Spineology, Inc., brought this action against Wright Medical Technology, Inc., for infringement of United States Reissued Patent No. RE42,757 (filed May 7, 2004). Wright Medical Technology asserted counterclaims for declarations of noninfringement, absolute and equitable intervening rights, and invalidity. Spineology claimed that Wright Medical Technology infringed independent claims 15, 33, and 35; claims 21-23, which depend on claim 15; and claim 34, which depends on claim 33. Wright Medical Technology prevailed. The Court declared that five of the seven asserted claims are invalid, granted summary judgment of noninfringement as to the other two, and dismissed Spineology's infringement claims. Spineology appealed.[1] Wright Medical Technology filed a motion for attorney fees under 35 U.S.C. § 285 (2012). For the reasons set forth below, the Court denies Wright Medical Technology's motion.

Section 285 states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering

---

[1] The appeal is pending before the Federal Circuit.

both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). No precise rule or formula exists to determine whether a case is exceptional. *Id.* Potential considerations include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "[A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*

Wright Medical Technology asserted that this case is exceptional because Spineology advanced a theory of infringement that depended on a construction of "body" that is inconsistent with the claims and the written description of the '757 Patent and the Order that construed disputed terms, Spineology ignored evidence that contradicted its infringement theory, and Spineology pursued an insupportable damages theory. Wright Medical Technology requested an award of all of its reasonable attorney fees and expenses incurred in this case. In the alternative, it requested an award of its reasonable attorney fees and expenses incurred after the Court construed disputed terms.

2

"Body" was among the disputed terms that the parties presented to the Court for construction. Spineology asserted that "body" should be construed as "the tube or shaft in which the blade carrier is housed." Wright Medical Technology maintained that "body" should be construed as "outer structure(s) of the reamer." Later, Wright Medical Technology proposed "outer structure(s) that house internal components." The Court considered the use of "body" in claim 15 and its dependent claims to be illustrative, found no description of any part of the reamer that used "body" in the written description, summarized the preferred embodiments, assessed the parties' proposed constructions, declined to adopt either party's proposed construction of "body," stated that the claims themselves provide substantial guidance as to the meaning of the term, and discerned no need to construe the term at that time except to state that "body" does not include the blade control knob.

A few months after the Court construed disputed terms, each party moved for summary judgment. Wright Medical Technology moved for summary judgment of noninfringement of claims 33 and 34 of the '757 Patent.[2] It also sought summary judgment to establish that Spineology may not recover damages before Wright Medical Technology received actual notice from Spineology of the '757 Patent and of Spineology's infringement claims. In addition, Wright Medical Technology moved to exclude certain opinions and testimony of Spineology's expert witnesses. Spineology moved for summary judgment on the issue of infringement of claims 33 and 34.

---

[2]  When the Court construed disputed terms, the Court determined that "activation mechanism" in claims 15 and 35 is indefinite.

The Court granted Wright Medical Technology's motion for summary judgment and denied Spineology's motion for summary judgment. A reading of the claims in the context of the patent revealed that "body" is the hollow structure that houses the blade carrier and that receives a knob or wheel: "body" includes the barrel. Because it was undisputed that the maximum cross-sectional diameter of the body of the accused product is greater than the maximum cross-sectional diameter of the blades of the accused product in their fully expanded position, the Court granted Wright Medical Technology's motion for summary judgment and denied Spineology's motion for summary judgment. The Court did not consider the parties' dispute regarding damages and denied as moot Wright Medical Technology's motions to exclude.

Although Spineology's infringement claims depended on a construction of "body" that was inconsistent with the claims and the written description, their assertion was not so meritless as to render this case exceptional within the meaning of § 285. When the Court construed disputed terms, the Court declined to adopt either party's proposed construction of "body," stated that the claims themselves provide substantial guidance as to the meaning of the term, and discerned no need to construe the term at that time except to state that "body" does not include the blade control knob. At summary judgment, Spineology maintained that its proposed construction was correct. The Court rejected its attempt to find support for its proposed construction in the claims themselves. The attempt was not so meritless as to render the case exceptional. Nothing about the extrinsic evidence cited by Wright Medical Technology—deposition testimony of a named inventor, Spineology's marketing literature, and Spineology's engineering

4

drawings—renders this case exceptional.  *Cf. Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (en banc) ("We have viewed extrinsic evidence in general as less reliable than the patent and its prosecution history in determining how to read claim terms, for several reasons.").

As to the damages sought by Spineology, Wright Medical Technology maintained that Spineology submitted "a baseless damages theory" and pursued damages "over a period in excess of that allowed by the case law."  Wright Medical Technology relied on arguments that it presented in its motion to exclude the testimony of Spineology's damages expert and its motion for summary judgment.  In granting Wright Medical Technology's motion for summary judgment, the Court did not address these arguments.  Even if exclusion of Spineology's damages expert and limitation of the damages period were warranted, the arguments made by Spineology to support its damages theory and to oppose the attempt to limit the damages period are not so meritless as to render the case exceptional.  *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) ("A party's position on issues of law ultimately need not be correct for them to not 'stand[] out,' or be found reasonable.").

"The Court has cautioned that fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'"  *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (quoting *Octane Fitness*, 134 S. Ct. at 1753), *petition for cert. filed*, 86 U.S.L.W 3205 (U.S. Oct. 3, 2017) (No. 17-519).  Nothing about this case stands out from others with respect to the substantive strength of Spineology's

6

litigating position or the manner in which the case was litigated.  The Court denies Wright Medical Technology's motion for an attorney fees under 35 U.S.C. § 285.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Wright Medical Technology's motion for attorney fees under 35 U.S.C. § 285 [Docket No. 169] is DENIED.

Dated: November 17, 2017

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge